
FILED
JAN 2 1 2020
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RUDOLPH LUCERO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Cause No. CV 19-120-BLG-SPW<br><br>ORDER |

On November 5, 2019, Petitioner Lucero filed an application for writ of habeas corpus under 28 U.S.C. § 2241. Lucero is a federal prisoner proceeding pro se. On January 16, 2020, he filed an additional claim.

Lucero's petition is related to a criminal case, *United States v. Lucero*, No. CR 98-22-BLG-JDS (D. Mont. 1998). Citations to "CR Doc." in this Order refer to the docket of that case.

## I. Motion to Proceed In Forma Pauperis

The Court will grant Lucero's motion to proceed in forma pauperis and waive payment of the $5.00 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1).

## II. Background

On June 30, 1998, a jury convicted Lucero of possessing methamphetamine

1

with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and using a firearm during and in relation to drug trafficking, a violation of 18 U.S.C. § 924(c)(1) ("Count 2"). At the time of Lucero's offenses in January 1998, a conviction on Count 1 subjected him to a ten-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Oct. 21, 1998). A conviction on Count 2 subjected him to a mandatory sentence of five years, consecutive to any other sentence imposed. *See* 18 U.S.C. § 924(c)(1) (eff. Oct. 11, 1996). The guideline range at sentencing was 292 to 365 months on Count 1. Lucero was sentenced to a total prison term of 425 months, consisting of 365 months on Count 1 and 60 months on Count 2, to be followed by a five-year term of supervised release. Judgment (CR Doc. 60) at 2–3; Statement of Reasons (CR Doc. 60-1) at 1.

Judgment was entered on November 23, 1998. Judgment (CR Doc. 60). Lucero appealed, but his appeal was dismissed as untimely. *See United States v. Lucero*, 229 F.3d 1160, No. 98-30338 (9th Cir. June 29, 2000) (unpublished mem. disp.).

Lucero filed a motion under 28 U.S.C. § 2255 on March 18, 2002. *See* Pet. (CR Doc. 87). It was denied on February 14, 2003. *See* Order (CR Doc. 94). He did not appeal.

In 2015, Lucero's sentence on Count 1 was reduced to 293 months on Count 1, pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines.

That term is still followed by a five-year consecutive sentence on Count 2. *See* Am. Judgment (CR Doc. 101). The total sentence is 353 months.

Because the sentence on Count 1 exceeds the mandatory minimum sentence of 120 months, Lucero now petitions the Court to invalidate his sentence on Count 2 on the grounds that "a second mandatory minimum to be run 'consecutively' is not allowed." Pet. (Doc. 1) at 1, 4. He relies on *United States v. Whitley*, a Second Circuit case, and *United States v. Almany*, a Sixth Circuit case. In a supplementary filing, he asserts that a recent Nebraska case demonstrates that his sentences are illegally "stacked." *See* Request to Add New Case Filing (Doc. 5) at 1 (citing *United States v. Urkevich*, 2019 WL 6037391).

Lucero also contends that the firearm underlying Count 2 was "an antique weapon found in his home on a wall as a decorative item only, not in connection to any drug crime," Pet. (Doc. 1) at 1, and that it should have been test fired, *id.* at 4.

## III. Jurisdiction

Generally, a federal prisoner claiming that his sentence is unlawful may only proceed by filing a motion under 28 U.S.C. § 2255. *See, e.g., Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). But if "the remedy by motion is inadequate or ineffective to test the legality of his detention," the prisoner may file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255(e).

For three reasons, the Court lacks jurisdiction over Lucero's habeas petition.

## A. Personal Jurisdiction

"[I]n habeas challenges to present physical confinement, the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Lucero is imprisoned at FCI Taft in California. This Court lacks personal jurisdiction over the Warden at FCI Taft. *See id.* at 442.

A civil action may be transferred to cure want of jurisdiction, but only "if it is in the interest of justice." 28 U.S.C. § 1631. For the following reasons, it is not.

## B. Section 2241

### 1. Antique Weapon

In the Ninth Circuit, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Section 2255's one-year limitations period, 28 U.S.C. § 2255(f), and stringent restrictions on second or successive motions, *id.* § 2255(h), do not make the remedy it provides inadequate or ineffective. *See, e.g., Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam); *Green v. White*, 223 F.3d 1001, 1003–04 (9th Cir. 2000). To proceed, therefore, Lucero must meet the two-pronged *Stephens* test.

Lucero's allegations do not support an inference that he might be innocent. He states that the firearm underlying Count 2 was "an antique weapon"—that is, one

4

weapon—connected, not to drug trafficking, but to a wall in his home. Pet. at 1. But the record shows that an informant reported he had "several video cameras and a number of firearms around his residence that he used for surveillance and personal protection." Presentence Report (CR Doc. 60-2) ¶ 12.[1] Rather than a single firearm, agents seized from his residence "a Llama .45 caliber pistol . . . a Remington model 870 20 gauge shotgun . . . a Maverick model 88 12 gauge shotgun . . . a Winchester model 1200 12 gauge shotgun . . . and a Hi-Standard model D-101 .22 caliber derringer." *Id.* ¶ 20. Lucero's mere assertion that Count 2 relied on one antique firearm does not support a reasonable inference that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Lucero does not attempt to show he is actually innocent of drug trafficking.

But even if Lucero could show actual innocence, he would also have to show he did not have an unobstructed procedural shot at presenting the claims he now makes. The record of the case predates electronic filing, so there is no readily available means of determining whether he raised at that time his claim that the antique weapon was a wall decoration and not connected with drug trafficking. But he certainly could have raised the claim at that time. *See, e.g., Bailey v. United*

---

[1] Lucero did not object to the presentence report. Presentence Report (CR Doc. 60-2) at 23; Sentencing Tr. (CR Doc. 79) at 2:4–15, 5:14–17.

5

*States*, 516 U.S. 137, 143 (1995) (requiring the United States to prove "active employment of the firearm" sufficient to make it "an operative factor in relation to the predicate offense") (*cited in* Pet. at 4).

## 2. Consecutive Sentence on Count 2

It is difficult to fit a challenge to the form of a sentence into the framework of the *Stephens* test. Lucero's claim that he could not receive a mandatory minimum sentence on both Count 1 and Count 2 implicates "actual innocence" only if a defendant can be "actually innocent" of a specific sentence—at best a kind of metaphorical innocence. It is equally puzzling to ask whether a litigant had an "unobstructed procedural shot" at presenting a claim that lacks merit at the time it is presented. *Cf., e.g., Lockhart v. Fretwell*, 506 U.S. 364, 369–73 (1993). But it is possible Ninth Circuit law would permit Lucero to proceed under § 2241, and transfer to the appropriate jurisdiction would be in the interest of justice, if he was "statutorily ineligible" for the sentence he received on Count 2. *See, e.g., Marrero v. Ives*, 682 F.3d 1190, 1194–95 (9th Cir. 2012). This appears to mean that Lucero may challenge his sentence on Count 2 under § 2241 if his challenge has merit, inconsistent as that notion may be with Congress's objectives in § 2255.

Lucero's claims do not have merit. First, *Whitley* and *Almany* are not sound law. *See Abbott v. United States*, 562 U.S. 8, 13 (2010); *United States v. Tejada*, 631 F.3d 614, 616 (2d Cir. 2011) (recognizing that *Abbott* abrogated *United States*

*v. Whitley*, 529 F.3d 150 (2d Cir. 2008)); *United States v. Almany*, 626 F.3d 901, 901 (6th Cir. 2010) (reinstating consecutive sentence under § 924(c) following remand from the United States Supreme Court after *Abbott*).

Second, the First Step Act amended § 924(c) so that a 300-month sentence may be imposed only "after a prior conviction" under § 924(c) "has become final." *See* Pub. L. No. 115-391, tit. IV, § 403, 132 Stat. 5194, 5221–22 (Dec. 21, 2018). Lucero received one sentence under § 924(c). The case he cites, *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019), is not relevant. The court there had imposed three sentences under § 924(c), resulting in one sentence of 60 months and two more of 300 months each. *See Urkevich*, 2019 WL 6037391 at *1. Neither *Urkevich* nor the First Step Act's amendment of § 924(c) applies to Lucero.

### 3. Conclusion

Lucero may not use the "escape hatch" of 28 U.S.C. § 2255(e) and may not proceed under 28 U.S.C. § 2241. He must proceed under 28 U.S.C. § 2255.

### C. Section 2255

Although Lucero could only proceed under § 2255, this Court may not address his claims under that section. He has already litigated one § 2255 motion to completion. *See* Pet. (CR Doc. 87); Order (CR Doc. 94). This Court lacks jurisdiction to consider a second § 2255 motion unless and until the Ninth Circuit

Court of Appeals authorizes Lucero to file one. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

**IV. Appeal**

A certificate of appealability is apposite only to habeas cases where the detention complained of arises out of a state court or to proceedings under § 2255. *See* 28 U.S.C. § 2253(c)(2). This case is neither of those things.

Nonetheless, it is clear, for the foregoing reasons, that this action is frivolous. An appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

Accordingly, IT IS ORDERED:

1. Lucero's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The clerk shall waive payment of the filing fee.

2. The petition (Docs. 1, 5) is DISMISSED for lack of jurisdiction.

3. Pursuant to Fed. R. App. P. 24(a)(3)(A), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

DATED this 21st day of January, 2020.

Susan P. Watters
United States District Court